UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, and HDI GLOBAL SPECIALTY SE
f/k/a INTERNATIONAL INSURANCE COMPANY
OF HANOVER SE,

                                 Plaintiffs,

        -against-

MR. DEMOLITION INC., 1241 41 DEVELOPMENT
LLC, CLARENCE COBO, TOMAS V. ZAPETA,
GABOR NEMETH, MICHAEL BARRETTO,
CONSUELO RAMIREZ, ALEXANDER RODRIGUEZ,
NOLVIA PACHECO, and MARTIN GEWIRTZ,

                               Defendants.
-------------------------------------------------------------------------X

REPORT AND
<u>RECOMMENDATION</u>
20 CV 1886 (PKC)(RML)

LEVY, United States Magistrate Judge:

        By order dated October 3, 2022, the Honorable Pamela K. Chen, United States

District Judge, referred plaintiffs' motion for default judgment to me for report and

recommendation.  For the reasons stated below, I respectfully recommend that plaintiffs' motion

be granted.

## BACKGROUND AND FACTS

        Plaintiffs, Certain Underwriters at Lloyd's, London ("Underwriters"), and HDI

Global Specialty SE f/k/a International Insurance Company of Hannover SE ("HDI") (together,

"plaintiffs"), filed this action on April 23, 2020 against Mr. Demolition Inc. ("Mr. Demolition"),

1241 42 Development LLC ("42 Development"), Clarence Cobo, Tomas V. Zapeta, Gabor

Nemeth ("Nemeth"), Michael Barretto, Consuelo Ramirez, Alexander Rodriguez, Nolvia

Pacheco, and Martin Gewirtz ("defendants"), seeking to void, *ab initio*, a series of liability and

excess policies they issued to Mr. Demolition due to material misrepresentations in its insurance application, or alternatively a declaratory judgment that plaintiffs have no obligation to defend or indemnify Mr. Demolition or 42 Development.  (Complaint, filed Apr. 23, 2020 ("Compl."), Dkt. No. 1 ¶¶ 2-4.)  An Amended Complaint was filed on May 29, 2020, and a Second Amended Complaint was filed on June 24, 2020.  (Amended Complaint, filed May 29, 2020, Dkt. No. 12; Second Amended Complaint, filed June 24, 2020 ("Second Am. Compl."), Dkt. No. 42.)

According to plaintiffs, on or about July 28, 2015, Mr. Demolition, through its president Joel Perlstein, applied for insurance with Underwriters.  (Second Am. Compl. ¶ 38.)  In its application, Mr. Demolition represented that it was a construction/project manager and that it uses written contracts with customers and subcontractors, that these contracts include hold harmless agreements in Mr. Demolition's favor, that Mr. Demolition obtains certificates of insurance from all of its subcontractors, and that Mr. Demolition arranges to be added as an additional insured on all of its subcontractors' liability policies.  (Id. ¶¶ 39-51.)  In reliance on these representations, Underwriters issued an insurance policy to Mr. Demolition for the period of October 31, 2015 to October 31, 2016, which was then renewed annually until October 31, 2019 (the "Policy").  (Id. ¶¶ 52-62; see also Plaintiffs' Memorandum of Law in Support of the Motion for Default Judgment, filed Oct. 3, 2022 ("Pls.' Mem."), Dkt. No. 88-2, at 5-7.)

Plaintiffs aver that after the Policy was issued, they were notified of various claims and lawsuits brought against Mr. Demolition.  (Id. ¶¶ 68-86.)  Plaintiffs allege that their investigation of these claims and lawsuits revealed that Mr. Demolition's insurance application contained material misrepresentations of fact, and that these misrepresentations were made in furtherance of a scheme "in which Mr. Demolition would, by contract, assume all liability for injuries at construction sites so as to transfer all liability to his liability insurers in exchange for a

hefty sum of money." (Id. ¶¶ 87-88.)  According to plaintiffs, the scheme involved Mr. Demolition obtaining permits for various construction projects from the New York City Department of Buildings as the General Contractor when, in fact, it was not performing work in connection with those projects, overseeing the actual general contractor and subcontractors that were doing the work, or taking steps to ensure that the project work sites were safe.  (Id. ¶¶ 89-96.)  Plaintiffs contend that Mr. Perlstein acknowledged this scheme in his deposition testimony in one of the underlying tort actions, where he admitted he was paid fees to be the General Contractor on various projects on paper only, and that in return for such fees he would transfer liability for injuries at the project construction sites from the project owner to his own liability insurance carriers.  (Id. ¶¶ 99-101.)

One of the aforementioned lawsuits that led to plaintiffs' investigation and discovery of Mr. Demolition's scheme was brought by defendant Nemeth.  On October 5, 2017, Nemeth filed a Verified Complaint against 42 Development, Prestige Construction NY LLC ("Prestige"), and ABC Corp. in the New York State Supreme Court (the "Underlying Nemeth Action").  (Pls.' Mem. at 2.)[1]  In that action, Nemeth alleged that on May 27, 2016, while lawfully upon the defendants' premises and because of the defendants' negligence, carelessness, and recklessness, he was caused to suffer severe and serious personal injuries to mind and body, as well as physical pain and mental anguish.  (Id.)  On April 30, 2019, Prestige filed a Second Third-Party Complaint against OHR Chodosh Electrical Contracting, Inc. and Mr. Demolition alleging, in relevant part, that Mr. Demolition was contracted by 42 Development to perform work at the premises located at 1245 42nd Street, Brooklyn, New York, and that, prior to the

---

[1] Defendants Gewirtz, Zapeta, Cobo, Barretto, and Ramirez all filed similar actions alleging personal injuries against Mr. Demolition.  (Pls.' Mem. at 3-5.)  Plaintiffs do not seek any direct relief from these named defendants, and they have only been named in this declaratory judgment action because they may be affected by its outcome.  (Id. at 14-15.)

alleged injury of Nemeth, Mr. Demolition entered into a contract or agreement to perform construction and/or renovation work at said premises. (Id.)

42 Development tendered to plaintiffs for defense and indemnification as an "additional insured" under the Policy issued by plaintiffs to Mr. Demolition. (Pls.' Mem. at 2, 5-6.) For 42 Development to be an additional insured under the Policy issued by plaintiffs, Mr. Demolition was required to name 42 Development as an additional insured in a written contract, and additional insured status existed only for the project specified in that contract. (Id. at 2-3; see also Insurance Policy, attached as Ex. D to Pls.' Mem., Dkt. No. 88-5, at 27.) To date, no contract or agreement between 42 Development and Mr. Demolition to perform construction and/or renovation work at the aforementioned premises has been provided. (Id.; see also Affidavit of Thomas Cantwell, sworn to Sept. 27, 2022, Dkt. No. 88-3, ¶ 21; Affidavit of Joel Perlstein, sworn to Sept. 28, 2022 ("Perlstein Aff."), Dkt. No. 88-4, ¶ 5.) Accordingly, on October 30, 2018, Underwriters issued a disclaimer of coverage to 42 Development advising it of the impediment to its position as an additional insured under Mr. Demolition's policy and that plaintiffs would provide a courtesy defense while it pursued a declaratory action. (Pls.' Mem. at 3, 13; see also Disclaimer of Coverage, attached as Ex. O to Pls.' Mem., Dkt. No. 88-16.) A courtesy defense has been provided to 42 Development while plaintiffs seek a ruling from this court regarding its obligations under the Policy. (Pls.' Mem. at 3.)

Plaintiffs now seek a default judgment against defendants and a declaratory judgment that plaintiffs do not have a duty to defend or indemnify 42 Development in the Underlying Nemeth Action. (Id. at 15.)[2]

---

[2] Plaintiffs only move for default judgment against the non-appearing defendants: 42 Development, Tomas V. Zapeta, Michael Barretto, Martin Gewirtz, Clarance Cobo, and Consuelo Ramirez. (Status Report, dated Oct. 3, 2022, Dkt. No. 89.)

**DISCUSSION**

A.    Declaratory Judgment Standard

Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 allow a

court to issue a declaratory judgment in cases where the party seeking the declaratory judgment

demonstrates the existence of an actual case or controversy.  28 U.S.C. § 2201; FED. R. CIV. P.

57.  See U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp., 321 F. Supp. 3d 313,

316 (E.D.N.Y. 2018) ("[B]efore a court may issue any declaratory order, it must satisfy itself that

the matter presents an actual case or controversy.")  Once a party has demonstrated an actual

case or controversy, it is within the sound discretion of the court to decide whether to grant the

declaratory relief sought.  N.Y. Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 418

(S.D.N.Y. 1979) (collecting cases).  Declaratory relief is proper "(1) where the judgment will

serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will

terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the

proceedings."  Dukes Bridge, LLC v. Sec. Life of Denver Ins. Co., No. 10 CV 5491, 2020 WL

1908557, at *76 (E.D.N.Y. Apr. 17, 2020); see also Universal Acupuncture Pain Servs., P.C. v.

State Farm Mut. Auto. Ins. Co., 196 F. Supp. 2d 378, 384 (S.D.N.Y. 2002) (quoting Md.

Casualty Co. v. Rosen, 445 F.2d 1012, 1014 (2d Cir. 1971)).  "Courts within this district have,

on numerous occasions, found these requirements met in actions by insurers seeking declaratory

judgments regarding obligations relating to allegedly fraudulent claims."  Gov't Emps. Ins. Co.

v. Badia, No. 10 CV 5611, 2012 WL 1427796, at *4 (E.D.N.Y. Apr. 6, 2012).

B.    Default Judgment Standard

Where, as here, declaratory relief is requested following a default, plaintiffs must

(1) adhere to the two-step process prescribed in Fed. R. Civ. P. 55 to obtain a default judgment,

and (2) establish entitlement to the requested relief based on the facts established by the default. See PHL Variable Ins. Co. v. Bimbo, No. 17 CV 1290, 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018) (citation omitted). A default constitutes the defendants' admission to all the well-pleaded allegations in the complaint pertaining to liability. A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). As such, plaintiffs must demonstrate that the unchallenged facts and all reasonable inferences drawn from such facts establish defendants' liability. See City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 137 (2d Cir. 2011). Once the court ensures that plaintiffs took all mandatory steps in moving for a default judgment and that plaintiffs established a right to a declaration against the defendants, a default declaratory judgment may be entered. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

Defendants were properly served with the summons and Second Amended Complaint. (See Affidavits of Service of Timothy Botti, sworn to June 15, 2020, June 17, 2020, June 30, 2020, July 8, 2020, July 22, 2020, Dkt. Nos. 32, 26, 34, 31, 38; Affidavit of Service of Felix Correa, sworn to June 25, 2022, Dkt. No. 29; Affidavit of Service of Hector Figueroa, sworn to July 16, 2020, Dkt. No. 37; Affidavit of Service of Frederick Pringle, sworn to Sept. 2, 2020, Dkt. No. 51.) Defendants have failed to answer or otherwise move with respect to the Second Amended Complaint. Plaintiffs moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to the non-appearing defendants. (See Requests for Certificate of Default, filed Aug. 25, 2020, Sept. 24, 2020, Sept. 27, 2020, Dkt. Nos. 40, 57, 59.) The Clerk of the Court noted defendants' defaults. (See Clerk's Entries of Default, filed Aug. 31, 2020, Oct. 2, 2020, Dkt. Nos. 45, 60, 61.) On October 3, 2022, plaintiffs moved for default judgment.

(Notice of Motion for Default Judgment, dated Oct. 3, 2022, Dkt. No. 88.)  Plaintiffs served the Motion for Default Judgment and accompanying submissions on defendants in compliance with Local Rule 55.2(c).  (See Declaration of Service of Donna M. Boice, dated Feb. 28, 2023, Dkt. No. 90.)  Therefore, plaintiffs have demonstrated that they took all the required steps in moving for default judgment, including proper notice to defendants.

Additionally, plaintiffs have established that this is an actual controversy where a declaratory judgment would afford specific relief and clarify its legal obligations to the insured. As discussed above, plaintiffs seek to clarify their legal obligations and liability as to the Policy and defendants.  See, e.g., W. Heritage Ins. Co. v. Jacobs Dev. Corp., No. 12 CV 5718, 2014 WL 297792, at *9 (E.D.N.Y. Jan. 27, 2014) (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (insurance company's request for declaratory judgment that it was not liable to defend or indemnify an insured constituted actual controversy)).  Plaintiffs thus have established their entitlement to a declaratory judgment.

C.     Choice of Law

Because jurisdiction in this case is premised on diversity, where plaintiffs have not invoked the law of any other state, and given the connections New York has to this lawsuit, this court will apply the law of New York.  See Ray v. Ray, 22 F.4th 69, 72 (2d Cir. 2021); Johnson v. Priceline.com, Inc., 711 F.3d 271, 276 (2d Cir. 2013); Principal Life Ins. Co. v. Locker Grp., 869 F. Supp. 2d 359, 363 (E.D.N.Y. 2012) (citing Krauss v. Manhattan Life Ins. Co. of N.Y., 643 F.2d 98, 100 (2d Cir. 1981)).

D.    Additional Insured Status

New York insurance law provides that "there must be a written agreement between the insured and the organization seeking coverage to add that organization as an additional insured." Cincinnati Ins. Co. v. Harleysville Ins. Co., 709 F. App'x 71, 73 (2d Cir. 2017) (quoting AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc., 961 N.Y.S.2d 3, 4-5 (1st Dep't 2013); see also Muss Dev., LLC v. Nationwide Ins. Co., No. 13 CV 4848, 2015 WL 6160240, at *5-6 (E.D.N.Y. Oct. 20, 2015). Furthermore, "[w]hen determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself." Id. (quoting 77 Water St., Inc. v. JTC Painting Decorating Corp., 50 N.Y.S.3d 471, 475 (2d Dep't 2017)).

Here, the Policy defines an additional insured as "[a]ny person(s) or organizations(s) whom the Named Insured agrees, in a written contract, to name as an Additional Insured. However, this status exists only for the project specified in that contract." (Insurance Policy at 27.) In his affidavit, Joel Perlstein testified that no trade contract exists between 42 Development and Mr. Demolition regarding the project where Nemeth was allegedly injured. (Perlstein Aff. ¶ 5.) Moreover, Mr. Demolition was no longer working on the aforementioned project by May 27, 2016 – the date of Nemeth's alleged injury. (Id. ¶ 6.) Therefore, 42 Development does not qualify as an additional insured.

E.    Duty to Defend or Indemnify

The duty to defend an insured under New York law is "exceedingly broad." LM Ins. Corp. v. Fed. Ins. Co., 585 F. Supp. 3d 493, 499 (S.D.N.Y. 2022) (quoting Automobile Ins. Co. of Hartford v. Cook, 850 N.E.2d 1152 (N.Y. 2006)). "A duty to defend is triggered by the

allegations contained in the underlying complaint." BP Air Conditioning Corp. v. One Beacon

Ins. Grp., 871 N.E.2d 1128 (N.Y. 2007). Thus, determining a duty to defend usually requires a

"compar[ison] [of] the allegations [in] the complaint to the insurance policy's terms." Atl. Cas.

Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 252 (S.D.N.Y), aff'd sub nom. Atl.

Cas. Ins. Co. v. Greenwich Ins. Co., 548 F. App'x 716 (2d Cir. 2013). The duty to defend on the

insurer's part remains, unless the insurer can "establish, as a matter of law, that there is no

possible factual or legal basis on which the insurer might eventually be obligated to indemnify

[the insured] under any provision contained in the policy." Lewis & Stanzione v. St. Paul Fire &

Marine Ins. Co., No. 13 CV 863, 2015 WL 3795780, at *3 (N.D.N.Y. June 17, 2015) (quoting

Villa Charlotte Bronte, Inc. v. Commercial Union Ins. Co., 64 N.Y.2d 846, 848 (N.Y. 1985)).

        As discussed above, 42 Development does not qualify as an additional insured.

Mr. Demolition did not have a written contract with 42 Development and Mr. Demolition was no

longer working on the project by the date of Nemeth's alleged injury. Therefore, there is no

possible factual or legal basis on which plaintiffs might eventually be obligated to defend 42

Development in the Underlying Nemeth Action.

        The duty to defend is broader than the duty to indemnify. See Seaboard Sur. Co.

v. Gillette Co., 64 N.Y.2d 304, 310 (N.Y. 1984). Thus, if there is no duty to defend, there can be

no duty to indemnify. See EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co., 905 F.2d 8, 11 (2d

Cir. 1990) (noting that, because "the duty to defend is broader than the duty to indemnify[,] it is

unnecessary to engage in a separate analysis of [an insurer]'s independent claim that it has no

duty to indemnify"); Transamerica Ins. Grp. v. Rubens, No. 97 CV 8911, 1999 WL 673338, at

*7 (S.D.N.Y. Aug. 27, 1999) ("[The insurer] has no duty to defend, and therefore no duty to

indemnify."). Accordingly, plaintiffs have no duty to indemnify 42 Development. I respectfully

recommend that plaintiffs' motion for a declaratory judgment be granted establishing that, because 42 Development does not qualify as an additional insured, plaintiffs have no duty to defend or indemnify it in the Underlying Nemeth Action.

CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for default judgment be granted.  I further recommend that the court enter a declaratory judgment that 42 Development cannot qualify as an additional insured and that plaintiffs have no duty or obligation to defend or indemnify 42 Development in the Underlying Nemeth Action.  Plaintiffs are directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of the date of this Report and Recommendation.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      April  3, 2023